IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MIRZA AHMED BAIG, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-13-3528 |
| § | |
| HARRIS COUNTY DISTRICT § | |
| ATTORNEY'S OFFICE, et al., § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER**

Mirza Ahmed Baig, has filed a complaint under 42 U.S.C. § 1983 (Docket Entry No. 1) against Devon Anderson of the Harris County District Attorney's Office (HCDAO) and the Texas Office of Inspector General (TOIG) for false arrest and malicious prosecution. The HCDAO has filed a Motion to Dismiss By Putative Defendant Harris County District Attorneys Office for failure to state a claim upon which relief can be granted (Docket Entry No. 4). Baig has filed a response (Docket Entry No. 5). The court has reviewed the pleadings and has concluded that this action should be dismissed because the court does not have subject matter jurisdiction and because Baig has failed to assert a claim upon which relief can be granted.

I. **Claims and Arguments**

A.  **Baig's Allegations and Claims**

Baig alleges that he had a "Secret Sensitive Intelligence community job assignment" for which he received an annual salary of

$185,000. (Docket Entry No. 1, p. 2) He alleges that he was arrested on March 4, 2012, after being accused of fraudulently obtaining food stamps in 2008 and 2009. (Docket Entry No. 1, p. 2) Baig has attached correspondence from the Texas Health and Human Services Commission and the Harris County District Attorney referring to discrepancies in food stamp benefits provided to his household. (Docket Entry No. 1, Exhibits 2, 3, 4, 5, and 6)

Baig alleges that the charges against him were false and that he wanted to have his case tried before a jury. Id. However, his attorney delayed taking any action, and Baig felt compelled to dismiss him from the case. Id. Baig states that he ultimately paid restitution in order to have the case dismissed. Baig alleges that he lost his job as a result of the charges brought against him. Id.

Baig claims that the HCDAO and the TOIG subjected him to false arrest and malicious prosecution by knowingly and willfully misleading the grand jury to issue an arrest warrant. Id. He contends that the defendants did so because he is a Muslim and an Asian-American. He contends that the defendants took action against him in order to deprive him of his employment and $185,000 salary. Baig seeks $3,171,000 in future lost wages and compensation for mental anguish.

B. **The Defendant's Arguments**

The HCDAO acknowledges that Harris County District Attorney Devon Anderson was named as the defendant in this action, but asks

that the court take judicial notice that Anderson was appointed on September 26, 2013, well after Baig's criminal case was dismissed. State v. Baig, No. 129989101010 (351st Dist. Ct. Harris County, Tex., dismissed January 14, 2013); see Harris County District Clerk Website, www.hcdistrictclerk.com. Consequently, the only named defendants in this action are the HCDAO and the TOIG. The HCDAO argues that it is not an entity that can be sued because it is not capable of independent legal action. The HCDAO also moves for dismissal of any state claims for lack of subject matter jurisdiction.

## II. Analysis

### A. Standards

The HCDAO contends that this action should be dismissed because Baig has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Motions to dismiss under Rule 12(b)(6) are "viewed with disfavor" and should be granted only if it is evident that the plaintiff cannot prove any facts entitling him to relief. Turner v. Pleasant, 663 F.3d 770, 775 (5th Cir. 2011), citing Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955 (2007); Harrington v. State Farm Fire & Cas. Co., 563 F.3d 141, 147 (5th Cir. 2009). In determining whether the plaintiff has stated a claim upon which relief can be granted, a reviewing court must accept the well-pleaded facts alleged in the complaint as true and construe the allegations in the light most favorable to the

plaintiff. Turner, 663 F.3d at 775. In reviewing the pleadings, the court liberally construes the allegations of a pro se complaint. Haines v. Kerner, 92 S. Ct. 594 (1972). The court may also take notice of matters of public record. Funk v. Stryker Corp., 631 F.3d 777, 783 (5th Cir. 2011), citing Norris v. Hearst Trust, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.").

The HCDAO also asserts that this action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. In deciding this motion the court may resolve factual disputes in order to satisfy itself that it is authorized to review the case. Montez v. Department of Navy, 392 F.3d 147, 149-150 (5th Cir. 2004), citing Land v. Dollar, 330 U.S. 731, 735 & n.4 (1947). "A court may base its disposition of a motion to dismiss for lack of subject matter jurisdiction on (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Id., citing Robinson v. TCI/US West Communications Inc., 117 F.3d 900, 904 (5th Cir. 1997). In other words, the court is not required to accept plaintiff's allegations as true when determining whether it has jurisdiction to hear the case. Montez, at 149.

B. **Devon Anderson - No Personal Involvement**

In order to assert a claim under 42 U.S.C. § 1983, the plaintiff must identify individuals who were personally involved in the alleged violation of his civil rights. James v. Texas Collin County, 535 F.3d 365, 373 (5th Cir. 2008); see also Winfrey v. San Jacinto County, 481 F. App'x 969, 976 n.6 (5th Cir. 2012), citing Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983).

Devon Anderson, the only named individual defendant in this action was appointed District Attorney of Harris County on September 26, 2013. See http://www.andersonda.com/. Baig asserts that the charges were brought against him in early 2012 and were dismissed on January 14, 2013. (Docket Entry No. 1, p. 2) Baig fails to allege any facts indicating that Anderson was personally involved in the alleged false arrest or malicious prosecution. Moreover, Anderson may not be held liable merely because she was in charge of the HCDAO. Eason v. Thaler, 73 F.3d 1322, 1327 (5th Cir. 1996). Anderson is entitled to dismissal because Baig has not presented any causal link between her actions and his alleged violations. See Porter v. Epps, 659 F.3d 440, 446 (5th Cir. 2011).

C. **Government Departments Cannot be Sued**

The only remaining defendants in this action are the HCDAO, a county department, and the Office of Inspector General, a department of the State of Texas. The HCDAO moves for dismissal because it is non sui juris. A party to a lawsuit must have the

capacity to sue or be sued. See FED. R. CIV. P. 17; see also Maxwell v. Henry, 815 F. Supp. 213, 215 (S.D. Tex. 1993). In Texas, for example, a county sheriff's department is not a legal entity capable of being sued "absent express action by the superior corporation (the county, in the case of the sheriff's department) 'to grant the servient agency with jural authority.'" Jacobs v. Port Neches Police Dept., 915 F. Supp. 842, 844 (E.D. Tex. 1996), quoting Darby v. Pasadena Police Dep't, 939 F.2d 311, 313-14 (5th Cir. 1991); see also Thomas-Melton v. Dallas County Sheriff's Dept., 39 F.3d 320, 1994 WL 612546, *2 (5th Cir. 1994) (not selected for publication), citing Darby. Therefore, the HCDAO is subject to dismissal because Baig has failed to show that the District Attorney's Office for Harris County has the capacity to be sued. Jacobs, 915 F. Supp. at 844, citing Johnson v. Kegans, 870 F.2d 992, 998 n.5 (5th Cir. 1989); Stephens v. District Atty. of Dallas County, 2004 WL 1857085, *3 (N.D. Tex. Aug. 19, 2004) (district attorney's office is not a jural entity that can be sued), citing Jacobs, 915 F. Supp. at 844.

Although the TOIG has not entered an appearance, it may be dismissed if the HCDAO has demonstrated that the plaintiff has no cause of action. See Lewis v. Lynn, 236 F.3d 766, 768 (5th Cir. 2001); see also McCarty v. Zapata County, 243 F. App'x 792, 794 (5th Cir. 2007), citing Lewis; Armenta v. Pryor, 377 F. App'x 413, 415 n.1 (5th Cir. 2010), citing Lewis. The TOIG will be dismissed

as a defendant to this action because, as a government agency of the State of Texas, it is not a proper party and is immune to Baig's suit under the Eleventh Amendment. See Aguilar v. Texas Department of Criminal Justice, 160 F.3d 1052, 1054 (5th Cir. 1998); Hirtz v. State of Texas, 974 F.2d 663 (5th Cir. 1992).

D.  **No Claim for Malicious Prosecution or False Arrest**

Liberally interpreting the plaintiff's pro se complaint, the court finds that he is attempting to assert claims for false arrest and malicious prosecution. In addition to concluding that the plaintiff has failed to name parties who are subject to legal action, the court also concludes that the plaintiff has failed to assert facts that support an actionable claim.

Baig complains that the defendants caused him to be arrested under false pretenses. "The [C]onstitution does not guarantee that only the guilty will be arrested." Smith v. Gonzales, 670 F.2d 522, 526 (5th Cir. 1982), citing Baker v. McCollan, 99 S. Ct. 2689, 2695 (1979). A claim of false arrest cannot be supported if the arrest is based on probable cause. Deville v. Marcantel, 567 F.3d 156, 164 (5th Cir. 2009), citing Wells v. Bonner, 45 F.3d 90, 95 (5th Cir. 1995). Probable cause exists when the totality of facts and circumstances would lead a reasonable person to believe that the arrestee had committed a crime. Id., citing Resendiz v. Miller, 203 F.3d 902, 903 (5th Cir. 2000). Baig has attached a letter from the HCDAO, dated April 11, 2012, stating that a warrant

-7-

had been issued for his arrest. The docket in Baig's state criminal proceeding reflects that an indictment had been returned on March 23, 2011. No. 129989101010, www.hcdistrictclerk.com. The existence of the indictment filed prior to issuance of the arrest warrant defeats Baig's claim that he was falsely arrested. Johnson v. Norcross, 2014 WL 1599460, *2 (5th Cir. 2014), citing Smith, 670 at 526.

Baig also alleges that the defendants subjected him to malicious prosecution. Texas law recognizes a claim for malicious prosecution if the following elements are shown: (1) a criminal action was commenced against the plaintiff; (2) the prosecution was caused by the defendants or with their aid; (3) the action terminated in the plaintiff's favor; (4) the plaintiff was innocent; (5) the defendants acted without probable cause; (6) the defendants acted with malice; and (7) the criminal proceeding damaged the plaintiff. See Izen v. Catalina, 256 F.3d 324, 328 (5th Cir. 2001), citing Taylor v. Gregg, 36 F.3d 453, 455 (5th Cir. 1994). Baig asserts that the case brought against him was dismissed, but only after he agreed to pay restitution. Such a resolution is not a termination in his favor. Brabham v. O'Reilly Automotive, Inc., 274 F. App'x 373, 376 (5th Cir. 2008) (dismissal of theft of merchandise charges did not constitute a favorable termination when the dismissal was based on restitution for merchandise); Neshewat v. Salem, 173 F.3d 357, 361 (6th Cir. 1999);

Uboh v. Reno, 141 F.3d 1000, 1004 (11th Cir. 1998); Hilfirty v. Shipman, 91 F.3d 573, 580 (3d Cir. 1996). Therefore, Baig's complaint will be dismissed because he has failed to assert an actionable claim. Fed. R. Civ. P. 12(b)(6).

### III. Conclusion and Order

For the reasons stated above, the Motion to Dismiss By Putative Defendant Harris County District Attorneys Office (Docket Entry No. 4) is **GRANTED**, and this action will be dismissed.

**SIGNED** at Houston, Texas, on this 14th day of August, 2014.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE